**Mary K. RICHARDS, Appellant**

v.

**OPTION ONE MORTGAGE CORPORATION and Alvin E. Gross, Appellees.**

**No. 10–7047.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 17, 2010.

---

Mary K. Richards, Hyattsville, MD, pro se.

Patrick Reardon Buckler, Adam Mattingly Spence, Spence & Buckler, P.C., Towson, MD, Griffin Vann Canada, Jr., James Andrew Sullivan, Jr., Esquire, Miles & Stockbridge, PC, Rockville, MD, for Appellees.

Before: SENTELLE, Chief Judge, BROWN, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

Upon consideration of the record from the United States District Court for the District of Columbia and the briefs and arguments, it is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

Appellant Mary Richards, a homebound octogenarian, was the fee simple owner of her home in Northwest Washington, D.C. In 2006, appellant took out a mortgage with Option One Mortgage Corp., for which the monthly payment was almost twice her fixed monthly income. Richards soon defaulted, Option One began foreclosure proceedings, and her home was sold to Alvin Gross in a 2007 foreclosure sale. The District Court granted summary judgment for defendants on her various complaints.

*Amicus Curiae* in support of appellant argues that the loan was unconscionable under the common law and that appellee failed to provide appellant with notice of the foreclosure proceedings. Although we review a District Court's grant of sum-

mary judgment *de novo,* ordinarily we review only arguments that were asserted before the District Court. See *Jicarilla Apache Nation v. U.S. Dept. of the Interior,* 613 F.3d 1112, 1117 (D.C.Cir.2010). Before the District Court, appellant failed to raise the common law unconscionability claim. In count one of her complaint, appellant, who was represented by counsel, asserted the loan was "unlawful," and in response to defendants' motions for summary judgment expanded on this assertion with a discussion of the D.C. Home Loan Protection Act, D.C.Code § 26–1152.02, not an allegation of common law unconscionability. The unconscionability claim is therefore waived.

██ With respect to notice of foreclosure, *amicus* argues that appellant did not receive actual notice of foreclosure and that she would not have understood it if she had received it. But D.C. law does not require actual notice as long as the statutory requirements are met: sending notice to the last known address by certified mail return receipt requested and delivering a copy of the notice to the Mayor or his designated agent at least thirty days prior to the scheduled sale. D.C.Code § 42–815(b). See *S & G Investment Inc. v. Home Fed. Sav. & Loan Ass'n,* 505 F.2d 370, 375 (D.C.Cir.1974) (noting that D.C. law does not require actual notice). There is no challenge here to the statutory requirements. So this claim too must fail.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc.* See FED. R.APP. P. 41(b); D.C. CIR. R. 41.